UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MARIE KESSLER,<br><br>   Plaintiff,<br><br>   v.<br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,<br><br>   Defendant. | No.  2:23-cv-01416 AC<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1]  For the reasons that follow, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

I.  PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on March 24, 2021.  Administrative

---

[1] SSI is paid to financially needy disabled persons.  42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

Record ("AR") 212.[2]  Plaintiff alleged the disability onset date was March 15, 2017.  Id.  The application was disapproved initially (AR 126-130), and on reconsideration (AR 131-134).  On July 12, 2022, ALJ Matilda Surh presided over hearings on plaintiff's challenge to the disapprovals.  AR 35-71 (transcript).  Plaintiff was present and testified.  AR 35.  She was represented at the hearing by attorney Jeffrey Milam.  Id.  Victoria Rei, a vocational expert, also testified.  Id.

On August 17, 2022, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 17-30 (decision).  On May 18, 2023, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision).

Plaintiff filed this action on July 17, 2023.  ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge.  ECF No. 9.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 11 (plaintiff's summary judgment motion), 15 (Commissioner's summary judgment motion), 16 (plaintiff's reply).

## II.  FACTUAL BACKGROUND

Plaintiff was born in 1969, and accordingly was 52 years old when she filed her application.  AR 212.  Plaintiff has a limited education.  AR 239.

## III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance."  Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such

---

[2]  The AR is electronically filed at ECF Nos. 10 to 10-1 (AR 1 to AR 703).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if she is "'unable to engage in substantial gainful

activity due to a medically determinable physical or mental impairment . . . .'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

////

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since March 24, 2021, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: mild right hand arthritis, bipolar disorder, and polysubstance abuse in reported remission (20 CFR 416.920(c)).
>
> 3. [Step 3]  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can frequently climb ramps and stairs and occasionally climb ladders, ropes, or scaffolds.  The claimant can frequently stoop, kneel, crouch, and crawl.  The claimant can frequently handle and finger with the right, non-dominant upper extremity.  The claimant can perform simple, routine, and repetitive tasks.  The claimant can maintain attention and concentration for two hour increments with normal breaks.  The claimant can have occasional public contact.
>
> 5. [Step 4] The claimant has no past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in] 1969 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has limited education (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since March 24, 2021, the date the application was filed (20 CFR 416.920(g)).

AR 19-30.  As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 30.

VI. ANALYSIS

Plaintiff alleges the ALJ erred by (1) failing to conclude plaintiff's right hip impairment and dysfunction was a 'severe impairment' at step two; (2) not providing clear and convincing reasons for discounting plaintiff's testimony regarding her mental dysfunction; (3) discounting portions of Dr. Satish K. Sharma's medical opinion; and (4) not properly evaluating the administrative medical findings of Dr. Stephen P. Saxby. ECF No. 11 at 10-11.

A. Step Two Error is Harmless

Plaintiff alleges the ALJ erred at Step Two by determining that plaintiff's right hip impairment was not severe because the medical evidence did not show that the impairment had lasted for twelve consecutive months. ECF No. 11 at 11. The undersigned finds that the ALJ committed harmless error in this regard.

At step two, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). At Step 2 of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.' Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96–3p, 1996 SSR LEXIS 10 (1996)). The Step 2 severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).  !

A finding that an impairment is not "severe" at Step Two is generally harmless if (1) the

ALJ finds that other impairments are severe, (2) Step Two is therefore resolved in plaintiff's favor, and (3) the limiting effects of the non-severe impairment are then considered throughout the remainder of the sequential evaluation. See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) ("The decision reflects that the ALJ considered any limitations posed by the bursitis at Step 4. As such, any error that the ALJ made in failing to include the bursitis at Step 2 was harmless."); see also, Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005) ("Here, the ALJ did not find that Burch's obesity was a 'severe' impairment.... Assuming without deciding that this omission constituted legal error, it could only have prejudiced Burch in step three (listing impairment determination) or step five (RFC) because the other steps, including this one, were resolved in her favor.").

Here, any error at Step Two was harmless. The ALJ found that plaintiff suffered from the following severe impairments: mild right-hand arthritis, bipolar disorder, and polysubstance abuse in reported remission, thus resolving Step Two in plaintiff's favor. AR 19. She further identified that plaintiff also suffers from a previous right hip hardware placement and status-post right hip arthroplasty, gastroesophageal reflux disease ("GERD"), and hearing loss in the right ear. Id. The ALJ specifically and extensively discussed plaintiff's right hip impairment in the RFC analysis. For example, the ALJ reviewed the recommendations made by Dr. Sharma and applied limitations to plaintiff's RFC in acknowledgement of her hip replacement and pain associated with it. AR 26-27.

Plaintiff provided evidence to support her contention that her right hip impairment has existed for at least twelve consecutive months and therefore, should have been considered a 'severe impairment' in her disability determination. ECF No. 11 at 12. While the undersigned agrees, the Step Two determination is simply a threshold to open the doors to the remainder of the disability analysis. Unless the plaintiff can show that the exclusion of the impairment harmed the remainder of the analysis, such error will be considered harmless. Lewis, 498 F.3d at 911. In this case, despite the ALJ not identifying plaintiff's right hip impairment as a "severe impairment," the ALJ considered the impact the impairment would have on plaintiff when determining an appropriate RFC. AR 19-29. She considered the recommendations by doctors, the testimony of

1  plaintiff, and the medical records that pertained to plaintiff's right hip impairment and the impact

2  it caused to plaintiff's life. Id. Since Step Two turned in favor of the plaintiff, and the ALJ

3  considered the non-severe impairments throughout the remainder of the evaluation, the

4  undersigned finds any error at Step Two to be harmless error.

5        B.  The ALJ Inadequately Discounted Plaintiff's Mental Impairment Testimony

6      The ALJ inadequately discounted plaintiff's testimony regarding the impact of her mental

7  dysfunctions. Evaluating the credibility of a plaintiff's subjective testimony is a two-step

8  process: First the ALJ must "determine whether the claimant has presented objective medical

9  evidence of an underlying impairment which could reasonably be expected to produce the pain or

10  other symptoms alleged.... In this analysis, the claimant is not required to show that her

11  impairment could reasonably be expected to cause the severity of the symptom she has alleged;

12  she need only show that it could reasonably have caused some degree of the symptom." Garrison

13  v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical

14  evidence of the pain or fatigue itself is not required. Id.

15      Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the

16  claimant's testimony by offering "specific, clear and convincing reasons for doing

17  so." Id. (internal citations omitted). While an ALJ's credibility finding must be properly

18  supported and sufficiently specific to ensure a reviewing court the ALJ did not "arbitrarily

19  discredit" a claimant's subjective statements, an ALJ is also not "required to believe every

20  allegation" of disability. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). In weighing a

21  claimant's credibility, an ALJ may consider, among other things, inconsistencies either in the

22  claimant's testimony or between his testimony and his conduct, claimant's daily activities, his

23  work record, and testimony from physicians and third parties concerning the nature, severity, and

24  effect of the symptoms of which claimant complains. Thomas v. Barnhart, 278 F.3d 947, 958-59

25  (9th Cir. 2002). "If the ALJ's credibility finding is supported by substantial evidence in the

26  record, [the court] may not engage in second-guessing." Id. at 959.

27      Plaintiff alleged that she is unable to work because she has bipolar disorder, dyslexia,

28  panic attacks, and anxiety. AR 42. At the administrative hearing, plaintiff testified that she gets

nervous under pressure and in social environments, and that while her medications help, they do not resolve her symptoms. Id. She reported having difficulty completing tasks, concentrating, understanding, following directions, and getting along with others. AR 257. Plaintiff described herself as feeling down, depressed, hopeless, and having thoughts of suicide for more than half the days of the week. AR 361.

The ALJ found that plaintiff's medical impairments "could reasonably be expected to cause the alleged symptoms; however, the plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not consistent with the medical evidence and other evidence in the record." AR 24. She explained that the evidence shows plaintiff is not as limited as she alleges. Id. However, while the ALJ recited clinical evidence, she did not explain how the cited evidence discounted any specific portion of plaintiff's symptom testimony. The recital of clinical evidence does not clearly undermine plaintiff's testimony and the ALJ fails to make the required connections. It is not enough to recite a list of medical notations; "to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which *explain why* the medical evidence is inconsistent with the claimant's subjective symptom testimony." Ferguson v. O'Malley, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis added). The ALJ did not provide the required level of analysis.

Further, the ALJ referenced only the objective clinical evidence as a basis for discounting plaintiff's subjective mental impairments. AR 23-25. A lack of objective support, on its own, is not a sufficient basis for rejecting subjective symptom testimony. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."). While the ALJ referenced a note by plaintiff to her treatment provider requesting a clearance to return to work, the referenced request is simply a note on a visit summary related to ear pain and hearing loss that states: "PT ALSO NEEDS A NOTE STATING SHE IS HEALTHY ENOUGH TO GO BACK TO WORK" and nothing further. AR 560. The reference to this note has no context, and the note itself does not appear relevant to plaintiff's mental-health symptom testimony. Id. Beyond the reference to the irrelevant note, the ALJ relied only on lack of support in the objective support

to discredit plaintiff's mental impairment testimony, and this is impermissible. See SSR 16-3P (S.S.A. Oct. 25, 2017) ("we will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual.")  For the reasons described above, the court finds that the ALJ erred in discounting plaintiff's testimony and remand is required.

### C. The ALJ Properly Evaluated Dr. Sharma's Medical Opinion

Plaintiff asserts that the ALJ did not properly evaluate Dr. Sharma's medical opinion when creating plaintiff's RFC. ECF No 11 at 19-21. Specifically, plaintiff contends the ALJ improperly found parts of Dr. Sharma's medical opinions unpersuasive. ECF No. 11 at 21. The court disagrees.

With respect to medical opinions, new regulations apply to claims filed on or after March 27, 2017, which change the framework for evaluation of medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight ... to any medical opinion(s)" but instead must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources and evaluate their persuasiveness. Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

The factors for evaluating the persuasiveness of a physician opinion include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2).

Supportability and consistency are defined in the regulations as follows:

> Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3). The Ninth Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule" and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. Woods v. Kijakazi, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or inconsistent, an ALJ must provide an explanation supported by substantial evidence. Id. In sum, the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." Id. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Internal medicine consultant, Dr. Satish Sharma, conducted an examination of plaintiff on October 13, 2021. AR 636-39. Based on plaintiff's medical record and examination, Dr. Sharma assessed plaintiff's physical limitations as follows:

> The claimant's ability to lift and carry items weighing over 10 pounds frequently and 20 pounds occasionally is limited because of back pain. The claimant's ability to stand and walk for more than 2 hours in an 8-hour day is limited due to back pain and right hip pain. Bending and stopping is limited to occasionally, sitting is

>limited to 6 hours per day because of back pain. Limitations in holding, feeling, and fingering objects with the right hand to frequently because of the right carpel tunnel syndrome. No limitations in speech or vision. She has decreased hearing in the right ear. She does not need an assistive device to walk.

AR 639. The ALJ found persuasive Dr. Sharma's recommendation that plaintiff be restricted to light work, except that she could stand and/or walk for two hours in an eight-hour workday, occasionally bend and stoop, and frequently hold, feel, and finger with the right hand. AR 26. Further, she was persuaded by the opinion that plaintiff could carry twenty pounds occasionally and ten pounds frequently. Id.

The ALJ was unpersuaded by Dr. Sharma's recommendation that plaintiff could only stand and/or walk for two hours in an eight-hour workday due to plaintiff's back and right hip pain. AR 26. The ALJ contends the medical record is inconsistent with such recommendation because on multiple occasions plaintiff has denied back pain and denied a gait problem, and she has been repeatedly observed without an assistive device. AR 26-27. Additionally, the ALJ was unpersuaded by Dr. Sharma's recommendation that plaintiff could only occasionally stoop and bend based on plaintiff's alleged back pain. AR 27. The ALJ stated that plaintiff's medical record does not contain any physical examinations detailing lumbar limitations, rather plaintiff has consistently denied suffering from back pain. Id.

ALJ's are encouraged to make their own disability determinations, but as stated above, ALJ's are required to address the supportability and consistency the opinion provided when determining the amount of weight to provide the opinion. 20 C.F.R. § 404.1520c(b)(2). Here, the ALJ did not use the words "supportability" or "consistency," but the opinion substantively addresses both factors and provides clear and convincing reasons for discounting some of Dr. Sharma's opinion. As to supportability, the ALJ noted that there were no records at all supporting the contention that plaintiff suffers from back pain, undermining the associated limitations suggested by Dr. Sharma. A review of plaintiff's medical record shows that plaintiff has denied suffering from back pain repeatedly. AR 546, 550, 554, 560, 653, 659, 675, 680, 688. Additionally, while plaintiff reports using a cane, multiple records indicate that she has not been seen with an assistive device, including her examination with Dr. Sharma. AR 360, 364, 367,

370, 373, 639. Because the ALJ found that Dr. Sharma's opinion was not supported, the ALJ provided clear and convincing reasons for discounting parts of her opinion.

As to consistency, the ALJ found that Dr. Sharma's opinion of necessary limitations was at odds with the totality of the medical evidence presented, which did not show that plaintiff was experiencing the type of pain and mobility concerns she alleges. AR 20-27. See Woods, 32 F.4th at 792-93 ("The ALJ found this opinion unpersuasive because it was inconsistent with the overall treating notes and mental status exams in the record"). This statement goes to a lack of consistency. Because the ALJ found Dr. Sharma's opinion not consistent and not supported, the court does not find error.

### D. The ALJ Erred in Rejecting Portions of Dr. Saxby's Medical Opinion

Plaintiff asserts that the ALJ did not properly evaluate Dr. Saxby's medical opinion when creating plaintiff's RFC. ECF No 11 at 23. Specifically, plaintiff contends the ALJ improperly discredited some of Dr. Saxby's medical opinions and intertwined Dr. Saxby's recommendations with other parts of the RFC. ECF No. 11 at 23-26. The court agrees.

The appropriate standard is referenced above when evaluating an ALJ's use of medical opinions. Dr. Saxby, and agency physician, opined that plaintiff was limited to simple, unskilled tasks, that she was moderately limited in her ability to accept instructions from and appropriate respond to criticism from supervisors, and that she had moderate limitation in her ability to adapt to changes and stress. While the ALJ credited portions of Dr. Saxby's opinion, she discredited other portions, stating in relevant part:

> I am not persuaded by the opinion of Dr. Saxby that the claimant has moderate limitations in her abilities to adapt to change and stress. Such limitations do not adequately articulate the claimant's maximum residual functional capacity with respect to such issues. In addition, they are previously addressed within the residual functional capacity through limitations including simple, routine, and repetitive tasks and occasional public contact.

AR 28.

As discussed above, for an ALJ to reject the opinion of a medical professional, they are required to address the supportability and consistency of the opinion. 20 C.F.R. § 404.1520c(b)(2). It is indisputable that the ALJ failed to articulate the supportability and

13

consistency that Dr. Saxby's medical opinions provide to plaintiff's overall capabilities.  The ALJ's justification as to why she was not persuaded by the opinion was, "Such limitations do not adequately articulate the claimant's maximum residual functional capacity with respect to such issues." AR 28.  This conclusory statement does not support or address the consistency or supportability elements to any extent.

 Further, the ALJ asserts that plaintiff's moderate limitations in the abilities to adapt to change and stress within the workplace is adequately encompassed within the limitation of "simple, routine, and repetitive tasks and occasional public contact," thus not requiring further development provided by Dr. Saxby's opinion.  AR 28.  Plaintiff argues that her moderate limitation to adapting to change and stress should have been considered independently when creating the RFC, and therefore is not adequately assessed.  ECF No. 11 at 25.  This court agrees. District courts are divided on the question whether simple/routine tasks with limited public contact account for moderate limitations in one's ability to adapt and manage stress in the workplace.  The split tends to lean in favor of the view that a restriction to simple/routine tasks does *not* encompass an accommodation that addresses workplace stressors.  See Madrigal v. Saul, No. 1:18-CV-01129-SKO, 2020 WL 58289, at *2,  2020 U.S. Dist. LEXIS 1574 (E.D. Cal. Jan. 6, 2020) (restriction to simple/routine tasks does not account for mild to moderate limitations in ability to complete a normal workday or workweek and the ability to deal with stress and changes encountered in the workplace); Sahyoun v. Saul, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *4, 2020 U.S. Dist. LEXIS 54098 (E.D. Cal. Mar. 27, 2020) (rejecting argument that RFC determination that plaintiff could sustain work involving simple, repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week, and handling normal work-related stress).

 The undersigned concurs.  While moderate limitations are not *per se* disabling, see Wiles v. Berryhill, No. 2:16–cv–09558–GJS, 2017 WL 5186333, at *3, 2017 U.S. Dist. LEXIS 185486 (C.D. Cal. Nov. 8, 2017), they may translate into concrete work restrictions which, when considered in connection with plaintiff's other restrictions, may render her disabled.  See, e.g., Timothy B. v. Saul, No. 20-cv-03411-SK, 2022 WL 181261, at *4, 2022 U.S. Dist. LEXIS 10737

(N.D. Cal. Jan. 20, 2022).  Accordingly, the moderate limitation that the ALJ failed to address or account for was not inconsequential to the ultimate disability determination.  The ALJ erred.

        E.   Remand for Further Consideration is Necessary

As discussed above, the ALJ erred by rejecting plaintiff's testimony regarding her mental dysfunctions and for not adequately considering Dr. Saxby's medical opinion when creating plaintiff's RFC.  The undersigned agrees with plaintiff that the ALJ's errors are harmful and remand for further proceedings by the Commissioner is necessary.  ECF No. 11 at 27.  An error is harmful when it has some consequence on the ultimate non-disability determination.  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).  The ALJ's errors in this matter were harmful; correcting the errors may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether he is disabled under the Act.  See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court").  "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).  Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

## VII.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 15), is DENIED;

3. The matter is REMANDED to the Commissioner for further proceedings consistent with this order; and

////

////

////

1     4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

2     SO ORDERED.

3 DATED: May 1, 2024

```
                                    /s/ Allison Claire
                                    ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE
```